**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>Donald Robert Masker<br>and<br>Heather Lee Masker | CHAPTER 13<br><br>CASE NO.<br><br>__X__ ORIGINAL PLAN<br>_____ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc.)<br>__0__ Number of Motions to Avoid Liens<br>__0__ Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | [X] Included | [ ] Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | [ ] Included | [X] Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | [ ] Included | [X] Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid ___$0.00___ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is ___$14,940.00___, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 02/2023 | 01/2026 | $415.00 | $0.00 | $415.00 | $14,940.00 |
| | | | | Total Payments: | $14,940.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: __X__ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is __$0.00__. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

__X__ No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one.*

__X__ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

____ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

__X__ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Rocket Mortgage | 580 Prompton Rd., Prompton, PA | 1849 |
| Exeter Finance, LLC | 2015 Ford Taurus | 4138 |

**C. Arrears, including, but not limited to, claims secured by Debtor's principal residence.** *Check one.*

____ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

__X__ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | | | |

| Rocket Mortgage | 580 Prompton Rd., Prompton, PA | 4,718.22 | 0 | 4,718.22 |
| Exeter Finance, LLC | 2015 Ford Taurus | 2,700.20 | 0 | 2,700.20 |

    **D.**   **Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

       X   None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

    **E.**   **Secured claims for which a § 506 valuation is applicable.** *Check one.*

       X   None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

    **F.**   **Surrender of Collateral.** *Check one.*

       X   None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

    **G.**   **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

       X   None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.**   **PRIORITY CLAIMS.**

    **A.**   **Administrative Claims**

       1.   Trustee's Fees.  Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

       2.   Attorney's fees. Complete only one of the following options:

          a.   In addition to the retainer of _____ already paid by the Debtor, the amount of _____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

          b.   $ __415.00__ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

       3.   Other.   Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

          X   None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

    **B.**   **Priority Claims (including certain Domestic Support Obligations)**

Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

    **C.**   **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

       X   None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

   A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one of the following two lines.*

   <u> X </u>   None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   <u> X </u>   None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   __plan confirmation.
   __entry of discharge.
   __closing of case.

7. **DISCHARGE: (Check one)**

   ( x )   The debtor will seek a discharge pursuant to § 1328(a).

   (   )   The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

   If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

   Payments from the plan will be made by the Trustee in the following order:
   Level 1: <u>Pre-Confirmation Distributions listed in ¶ 2.A</u>
   Level 2: <u>Debtor's Attorney's Fees in ¶ 3.A.(2)</u>
   Level 3: <u>Domestic Support Obligations</u>
   Level 4: <u>Amounts listed in ¶ 2.E, pro rata</u>
   Level 5: <u>Amounts listed in ¶ 2.C, pro rata. If a claim is filed the allowed amount of the arrearage shall be paid.</u>
   Level 6: <u>Amounts listed in ¶ 2.D, pro rata</u>
   Level 7: <u>Amounts listed in ¶ 4.A, pro rata</u>
   Level 8: <u>Priority amounts of non-Level 3 allowed claims listed in ¶ 3.B, pro rata</u>
   Level 9: <u>General unsecured claims</u>

   *If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

9. **NONSTANDARD PLAN PROVISIONS**

   **Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and**

**exhibit.)**

Dated: January 17, 2023

_____
Attorney for Debtor

_____
Debtor

_____
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

# 9.  OTHER PLAN PROVISIONS

A. **Vesting of Property.** Property of the estate vests in the debtor on confirmation, except for: (i) assets listed in Part 1 of Schedule A/B, which vest when the case closes and (ii) any asset that Debtor acquires post-confirmation and discloses on Schedule A/B, which vests upon discharge.

B. **Debtor's Control of Vested Property.** A debtor may, with citation to proper authority, restate controlling law for the benefit of plan recipients. *In re Travis*, 2017 WL 4277128, at *3 (Bankr. M.D. Pa. Sept. 22, 2017). Vesting of property on confirmation gives the debtor "absolute ownership and control of the property" and "the ability to liquidate the property without the approval of the Court." *In re Wei- Fung Chang*, 438 B.R. 77, 80 and 85 (Bankr. M.D. Pa. 2010)(France, J); *see also*, *In re Schatz*, 452 B.R. 544, 553 (Bankr. M.D. Pa. 2011)(Opel, J.). Thus, upon confirmation, the asset listed on Schedule A/B at ¶ 33 will no longer be subject to any requirement in 11 U.S.C. §§ 363(b) and 1303 that the court approve any settlement of the claim. Instead, after confirmation the Debtor may settle the claim "without the approval of the [bankruptcy] Court." *Cf. In re Martin*, 91 F.3d 389 (3d Cir. 1996)(agreement to settle claim that was property of the estate required approval under § 363).

C. **Proofs of Claim and Effect of Confirmation.** 11 U.S.C. § 502(a) controls when a claim is allowed. Mere confirmation of the plan shall not constitute a finding that any claim is allowed, and Debtor reserves the right to object to proofs of claim, even after confirmation. Confirmation of the plan shall not bar the Debtor from seeking a determination of the extent, validity, or priority of any lien or of the dischargeability of any debt.

D. **Priority claims.** If an amount is stated in § 3.B, that figure is an estimate of the priority part of the claim. If the estimate is different than the priority amount as listed in the allowed proof of claim, then the claim amount shall be the amount listed on the creditor's proof of claim.

E. **Effect of relief from the stay.** If a creditor whose claim is listed in ¶ 2.C obtains an order under 11 U.S.C. § 362(d), then such claim shall not be considered to be "provided for" as that term is used in 11 U.S.C. § 1328(a)(1).

F. **Arrears on claims that are secured by personalty:** For each claim that is secured by personalty and which is identified in ¶ 2.C, the claimant shall file a proof of claim and identify as arrears the amount that would be necessary to bring the loan "fully current" as of the date of the petition. For purposes of this paragraph, "fully current" means that with respect to the original amortization schedule for the loan, all installment payments that have come due have been paid and that Debtor has no unpaid obligation with respect to the claim other than for principal and interest.

§ 9 – p. 1

Case 5:23-bk-00085-MJC   Doc 5   Filed 01/18/23   Entered 01/18/23 20:10:36   Desc
Document Ref: 3XKQO-ANRR2-ZETZZ-KFBFW   Main Document   Page 6 of 8   Page 6 of 7

G. **Treatment of *Realty Arrears* Claims.** *Realty Arrears* claims are those claims that are listed in paragraph 2.C and which are secured by mortgages on real estate.

   (1) The *Realty Arrears* are those amounts authorized by the note, security agreement, and applicable nonbankruptcy law and which amounts are:
   a. Pre-petition arrearage amounts listed on the allowed proof of claim; or
   b. Allowed post-petition amounts disclosed pursuant to Fed.R.Bankr.P. 3002.1(c) and filed as a supplement to the proof of claim.

   (2) The figure under the heading "Estimated Total to be paid in plan" in paragraph 2.C is merely an estimate of the *Realty Arrears* and if such figure is different than the *Realty Arrears* as listed in the proof of claim, then the amount set forth on the allowed proof of claim shall control.

   (3) The holder of the claim shall deem the *Realty Arrears* as contractually current upon confirmation of the plan. Payments disbursed by the trustee to the holder of the claim shall be applied and credited only to the *Realty Arrears*.

   (4) Debtor shall make regular payments directly to holders of *Realty Arrears* claims beginning with the first contractual payment that comes due postpetition. The payments received by the holder from the Debtor shall be applied and credited to the Debtor's account for ongoing installment payments that come due postpetition as if the account were current and no default existed on the date of the petition. These payments shall be applied in the order of priority specified in the note and security agreement and applicable nonbankruptcy law. If these regular installment payments are made in a timely manner under the terms of the note, they shall be applied and credited without penalty.

   (5) Upon completion of the payment of the *Realty Arrears*, the Debtor will be reinstated on the original payment schedule for the mortgage as if every payment on that original payment schedule was timely received, except for the amount of any default in any current payments to be made postpetition which default has not been cured by the date that the *Realty Arrears* are paid.

   (6) Notwithstanding the application of 11 U.S.C. § 362, Debtor consents to receipt of <u>written</u> statements or communications in connection with any payment that comes due post-petition on an account that has a *Realty Arrears* claim.

§ 9 – p. 2

Case 5:23-bk-00085-MJC    Doc 5    Filed 01/18/23    Entered 01/18/23 20:10:36    Desc
Document Ref: 3XKQO-ANRR2-ZETZZ-KFBFW    Main Document    Page 7 of 8    Page 7 of 7

# Signature Certificate

Reference number: 3XKQO-ANRR2-ZETZZ-KFBFW

| Signer | Timestamp | Signature |
|---|---|---|
| **Carlo Sabatini**<br>Email: carlo@bankruptcypa.com | | |
| Sent: | 19 Jan 2023 00:12:47 UTC | |
| Viewed: | 19 Jan 2023 00:18:15 UTC | |
| Signed: | 19 Jan 2023 00:18:31 UTC | |
| **Recipient Verification:** | | IP address: 174.54.241.253<br>Location: Dalton, United States |
| ✔ Email verified | 19 Jan 2023 00:18:15 UTC | |
| **Heather Masker**<br>Email: floheather21@yahoo.com | | |
| Sent: | 19 Jan 2023 00:12:47 UTC | |
| Viewed: | 19 Jan 2023 00:22:09 UTC | |
| Signed: | 19 Jan 2023 00:22:42 UTC | |
| **Recipient Verification:** | | IP address: 72.28.58.151<br>Location: Carbondale, United States |
| ✔ Email verified | 19 Jan 2023 00:22:09 UTC | |
| **Donald Masker**<br>Email: donald_masker@rocketmail.com | | |
| Sent: | 19 Jan 2023 00:12:47 UTC | |
| Viewed: | 19 Jan 2023 00:18:11 UTC | |
| Signed: | 19 Jan 2023 00:33:23 UTC | |
| **Recipient Verification:** | | IP address: 72.28.58.151<br>Location: Carbondale, United States |
| ✔ Email verified | 19 Jan 2023 00:18:11 UTC | |

Document completed by all parties on:
19 Jan 2023 00:33:23 UTC

Page 1 of 1



**Signed with PandaDoc**

PandaDoc is a document workflow and certified eSignature solution trusted by 30,000+ companies worldwide.

